IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NORTH AMERICAN ELITE INSURANCE COMPANY,<br>Plaintiff,<br><br>v.<br><br>VICTORY FIRE PROTECTION, INC.,<br>Defendant. | CIVIL ACTION<br><br><br>NO. 17-3554 |
|---|---|

## MEMORANDUM OPINION

This is a simple tort case: a pipe froze and broke during an unusual cold snap, causing severe damage to Penn Foundation, Inc. ("Penn Foundation"), which was insured by the Plaintiff. However, the case is complicated by the presence of a number of potentially liable parties. One of those potentially liable parties, SimplexGrinell LP ("Simplex"), which performed testing and maintenance on the pipes, now seeks summary judgment based on the existence of certain provisions in its original contract with Penn Foundation. For the reasons that follow, Simplex's motion is granted in part and denied in part.

### I. FACTS

According to Plaintiff's Complaint, Victory Fire Protection Inc. ("Victory Fire") installed a fire protection system at Penn Foundation's building. On May 18, 2015, Simplex entered into a contract with Penn Foundation to perform quarterly fire sprinkler inspections, effective May 1, 2015 to April 30, 2018. The contract included a waiver of subrogation provision, which stated that it was "expressly agreed and understood that no insurance company or insurer will have any right of subrogation against [Simplex]." In addition, the contract contained a one year statute of limitations to bring an action.

On January 5, 2016, a piping connection for the fire protection system at Penn Foundation's building froze and broke. The resulting incursion of water severely damaged Penn

Foundation's property. Penn Foundation was insured by North American Elite Insurance Company ("North American").

As the insurer, North American paid Penn Foundation for repairs and damages from the pipe burst. Subsequently, North American, as subrogee to Penn Foundation, brought this action against Victory Fire, asserting common law actions of breach of contract, negligence, and breach of implied warranties.[1]

Victory Fire then brought Third Party Complaints against Simplex, Penn Builders, Inc. ("Penn Builders"), and Anchor Fire Protection Company ("Anchor") under Federal Rule of Civil Procedure 14. According to Victory Fire's Third Party Complaint, Anchor performed testing and maintenance of Penn Foundation's sprinkler system twice in 2014. Simplex contracted to perform quarterly fire sprinkler inspections of the building owned by Plaintiff North American's insured from May 1, 2015 through April 30, 2018.[2] And, Penn Builder's instructed Victory Fire where not to place signage relative to installation of wet and dry sprinklers. North American then asserted the same claims against Penn Builder's, Simplex, and Anchor under Rule 14(a)(3) of the Federal Rules of Civil Procedure. Penn Builders and Anchor filed cross-claims against each other and Simplex for contribution and indemnification as well.

Subsequently, Simplex filed a Motion for Summary Judgment on all claims against them by North American, Victory Fire, Penn Builders and Anchor.

---

[1] Jurisdiction exists under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

[2] Both parties cite to Pennsylvania law regarding the validity of the subrogation clauses and waivers. However, the agreement does state, "The laws of Massachusetts shall govern the validity, enforceability, and interpretation of this Agreement."

## II. LEGAL STANDARD

Summary judgment must be granted to a moving party if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). Material facts are determined by reference to the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party must show where in the record evidence a genuine dispute exists and not merely deny the moving party's pleadings. *See id.* Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

## III. ANALYSIS

### A. Claims by North American

The contract between Simplex and Penn Foundation applies to North American's current claims against Simplex because North American is Penn Foundation's subrogee. In general terms, subrogation "means substitution of one person for another; that is, one person is allowed to stand in the shoes of another and assert that person's rights against a third party." *US Airways v. McCutchen,* 569 U.S. 88, 97 n.5 (2013). Subrogation often arises in insurance contexts as a procedural mechanism to allow an insurer (the subrogee) to sue on behalf of its insured (the subrogor) after the insurer has paid a claim for harm caused by a third party. However, a subrogee (here, North American) cannot obtain greater rights in a contract than the original party, or subrogor (here, Penn Foundation). *See Church Mut. Ins. Co. v. Palmer Constr. Co., Inc.*, 153 F. App'x 805, 808 (3d Cir. 2005) (citing Pennsylvania Supreme Court cases for the proposition that "[A] subrogee has no greater rights than those held by the subrogor."). Thus, Plaintiff North American is bound any contractual provision that might limit any claim by Penn

3

Foundation.

### i. The Contractual Limitations Clause

The contract between Penn Foundation and Simplex bars a claim by North American against Simplex because of a statute of limitations clause. The clause provides that "no suit, or cause of action or other proceeding shall be brought against either party more than (1) year after the accrual of the cause of action or one (1) year after the claim arises, whichever is shorter." According to Pennsylvania law, written agreements may limit the time to bring an action unless the limitation is "manifestly unreasonable." *See* 42. Pa. Cons. Stat. Ann. § 5501. One year time frames to recover for insured losses have been upheld by the Pennsylvania Supreme Court, and here, it was not "manifestly unreasonable" to require the action to begin within one year. *See Lardas v. Underwriters Ins. Co.*, 231 A.2d 740, 742 (Pa. 1967) (a twelve month limitation clause "is valid and reasonable [and] has been long recognized.").

The claim arose on the date of loss, January 6, 2016. North American, as subrogee, commenced its action against Simplex on December 6, 2017, more than one year after the date the claim arose. Therefore, North American's direct claims against Simplex are barred by the limitations clause.

Nevertheless, North American claims that the limitations clause included in Penn Foundation's contract with Simplex is unenforceable because it violates Pennsylvania public policy in that one of the allegations is that Simplex's actions violated the Pennsylvania Fire Code. While North American is correct that an exculpatory provision is only enforceable if the clause does not contravene public policy, *see Tayar v. Camelback Ski Corp.*, 47 A.3d 1190, 1199 (Pa. 2012), that maxim does not apply here because the contractual limitation is not an exculpatory provision. An exculpatory provision is one which "immunizes a person from the consequences of his/her negligence." *Valhal Corp. v. Sullivan Assocs., Inc*., 44 F.3d 195, 202

4

(3d Cir. 1995) (applying Pennsylvania law). The contractual clause establishing a limitations period for bringing a claim does not immunize Simplex. The clause merely constrains the time to bring a suit against it. *See Hornberger v. Commonwealth Sec. Sys. Corp.*, 42 Pa. D. & C.4th 531, 537 (Pa. Com. Pl. 1998) (enforcing contractual clause establishing limitations periods of one year involving claims stemming from negligent installation of a fire alarm system).[3]

Thus, summary judgment shall be granted as to the direct claims asserted by Plaintiff North American against Simplex including North American's breach of contract, negligence, and breach of implied warranties claims.[4]

### B. Claims by Victory Fire and Penn Builders

#### i. *Contractual Limitations Clause*

Though the contract between North American's insured and Simplex bars North American's claims, it does not bar the third party claim of Victory Fire and the crossclaim of Penn Builders asserted against Simplex for contribution. "The right of contribution is an exclusive matter between joint tortfeasors and is not effected by the inability of the original plaintiff to obtain relief. . . ." *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Nicholson Const. Co.*, 542 A.2d 123, 126 (Pa. Super. 1988). Victory Fire and Penn Builders are not parties to the contract between North American's insured and Simplex. Thus, the contract's limitations clause cannot bind them. *See Ins. Co. of N. Am. v. Carnahan*, 284 A.2d 728, 729 (Pa. 1971) ("[P]arties to a . . .

---

[3] Simplex also argues that the clause waiving subrogation rights by Penn Foundation in its contract precludes North American's claim. The Court need not reach this argument because North American's claims are precluded by the statute of limitations clause.

[4] Moreover, the tort action is also barred by this clause given its plain language that it bars actions "whether based on **tort**, Agreement, or any other legal theory" (emphasis added). Plaintiff North American points to no case suggesting that a contract provision abbreviating the limitations period for a state law tort claim to one year is manifestly unreasonable. *See Evans v. Gordon Food Servs.*, 2015 WL 4566817, at *11 (M.D. Pa. July 29, 2015) (noting 6 month limitations period was reasonable for state law tort claim); *see also Gustine Uniontown Assocs. Ltd. ex rel. Gustine Uniontown, Inc. v. Anthony Crane Rental, Inc.*, 892 A.2d 830 (Pa. Super. 2006) (finding contractual provision setting the accrual date applied to both tort and contract claims).

5

potential lawsuit may modify the statutory period of limitation, but such a contract is good only as between themselves; they may not so contract in derogation of the rights of a third party who was not privy to the agreement."); *see also Juniata Valley Bank v. Martin Oil Co.*, 736 A.2d 650, 663 (Pa. Super. 1999) ("It is a well[-]established principle of law that a contract cannot impose obligations upon one who is not a party to the contract."). In this case, Simplex cannot invoke contractual provisions in its contract with Penn Foundation against Victory Fire and Penn Builders because Simplex is liable to the latter as a joint tortfeasor. Simplex's liability in that regard is separate and apart from its liability to Penn Foundation. A question of fact remains if Simplex's negligence caused or contributed to the pipe burst and as such the Court cannot conclude as a matter of law that Simplex is not a joint tortfeasor.

### ii. Gist of the Action Doctrine

Simplex also argues that the gist of the action doctrine bars Victory Fire and Penn Builders' claim for contribution because Simplex's duty arose as a matter of contract. The gist of the action doctrine "forecloses a party's pursuit of a tort action for the mere breach of contractual duties without any separate or independent event giving rise to the tort." *Sköld v. Galderma Labs., L.P.*, 99 F.Supp.3d 585, 600 (E.D. Pa. 2015) (citations and internal quotation marks omitted). The Pennsylvania Supreme Court articulated the test to determine when a claim is barred by the gist of the action doctrine as follows:

> If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract . . . then the claim is to be viewed as one for breach of contract. If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort.

*Bruno v. Erie Ins. Co.* 106 A.3d 48, 68 (Pa. 2014). Applying that test, the Supreme Court of Pennsylvania held that a claim for negligent performance of a contract is not barred by the gist of

6

the action doctrine. *See id.* at 62 (citing early decision allowing an action to proceed in tort because it was about "not a failure to perform, but a failure to perform in a workmanly manner").

Victory Fire and Penn Builders' claims are that Simplex negligently performed its contractual obligation to inspect the Penn Foundation's fire sprinklers. The duty allegedly breached is not one "to inspect" but to non-negligently carry out the inspection. Simplex points to no portion of the contract that would encompass such a duty. *Cf. EQT Prod. Co. v. Terra Servs., LLC*, 179 F. Supp. 3d 486, 495-96 (W.D. Pa. 2016) (finding liability was contractual in nature where the contract stated the work would be performed in a "workmanlike" and "safe" manner). This is precisely the type of claim that the Supreme Court of Pennsylvania held is not barred by the gist of the action doctrine. *See Bruno,* 106 A.3d at 69 ("Indeed, our Court has long recognized that a party to a contract may be found liable in tort for negligently performing contractual obligations and thereby causing injury or other harm to another contracting party."). Therefore, Victory Fire and Penn Builders' claims are not barred by the gist of the action doctrine and Simplex's motion for summary judgment will be denied.[5]

### C. Claims by Anchor Fire

Simplex also moved for summary judgment against Anchor Fire using the same arguments. Anchor has chosen not to respond to Simplex's Motion for Summary Judgment. However, Rule 56 of the Federal Rules of Civil Procedure does not permit a court to automatically grant summary judgment when a party does not respond. As the Advisory Committee Notes make clear "[o]nce the court has determined the set of facts [based on a party's

---

[5] In a footnote of its reply brief, Simplex also seeks summary judgment because Victory has not established how it was damaged by Simplex's alleged negligence. However, Simplex did not raise this argument in its opening brief. It is therefore waived. *See Laborers Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief.")

failure to respond] . . . it must determine the legal consequences of these facts and permissible inferences from them." Notes of the Advisory Committee, Rule 56(e). Therefore, Simplex's Motion for Summary Judgment as to claims by Anchor Fire will be denied for the same reasons as the motions as to claims by Victory Fire and Penn Builders.

An order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

**August 24, 2018**